IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLS MCQUARLEY, #198 468, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-200-WHA |
| | ) | [WO] |
| WARDEN SCONYERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, files this complaint pursuant to 42 U.S.C. § 1983 alleging a violation of rights, privileges, or immunities afforded him under the Constitution or laws of the United States. Plaintiff names Wardens Sconyers, Carter, and Hetzel as the defendants. Plaintiff seeks damages and injunctive relief. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

The pleadings and documents before the court reflect that on February 21, 2012 Plaintiff received disciplinaries for assault on a person associated with the Department of Corrections and for failing to obey a direct order. Officer Thompkins was the arresting officer.[2] Plaintiff, however, claims in his complaint that in relation to these disciplinaries  it was Officer Thompkins who assaulted Plaintiff causing minor bruises.  Plaintiff, thus, brings this action claiming he has some enemies at Easterling, he does not feel safe, and specifically identifies as an enemy Officer Thompkins.  Defendants Sconyers, Hetzel, and Carter, Plaintiff claims, believed Lt. Thompkins version of the altercation despite there being no evidence in Plaintiff's prison records that he fights with correctional officers.  Plaintiff faults Defendants for not being more understanding rather than taking sides with Defendant Thompson. Plaintiff further alleges that "this same officer had his superior members of  D.O.C. call [] the parole board" to inform them that Plaintiff was not abiding by institutional rules.  As a result, Plaintiff complains he was denied him parole and set off for another four years. (*Doc. No. 1 and Attachments.*)

---

[2] These documents also reflect that on February 22, 2012 Lieutenant Jones determined that Plaintiff should be referred for a mental health evaluation of competency prior to the hearing on the disciplinary charges. Mental health personnel conducted the evaluation that day and determined  Plaintiff  competent to participate in the hearing.  Mental health personnel further determined that mental health issues did not affect Plaintiff's behavior at the time of the disciplinary charges and mental health issues were not to be considered in disposition if Plaintiff was found guilty of the infractions. (*Doc. No. 1, Attachments at pg. 1.*)

Plaintiff alleges that he is in fear of bad things coming his way because he doesn't know what "these officers may do to him . . . to try and hurt him." He contends that correctional officers "make [him] fight or get off the right path or road" and "needs the law to step into this misunderstanding wrongdoing toward Plaintiff." Plaintiff seeks an order requiring Defendants place him in a one-man cell until he is transferred from Easterling to ensure his safety and security. He also seeks damages from Defendants for stressing him out with "malicious acts' when they "could have judge[d] the situation more understandingly." (*Doc. No. 1.*)

The essential inquiry in a § 1983 action is whether the conduct complained of deprived the individual of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). In this case, to the extent Plaintiff alleges Defendants have exhibited deliberate indifference to his fear of potential harm from correctional officers, such claim is conclusory and speculative. While Plaintiff contends that he is afraid because correctional officers may at any time cause him problems, this subjective concern, without more, is insufficient to demonstrate a constitutional violation at the hands of the named defendants. *See Laird v. Tatum*, 408 U.S. 1 (1972) (subjective allegations "are not an adequate substitute for claims of specific, present objective harm or threat of a specific, future harm."). Plaintiff's mere supposition that prison officials *may* at some time in the future act unfavorably towards him is insufficient to state a claim

on which relief may be granted against the named defendants in this § 1983 action. *Conner v. Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986) (plaintiff's subjective belief harm may occur fails to implicate a constitutionally protected interest).   Jurisdiction simply cannot be premised upon a claim based on speculation. *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985).   *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979) ("[T]he injury which his pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened.").   Accordingly, this claim is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as it is purely speculative and without constitutional implication.

To the extent Plaintiff files suit against Defendants as a result of the alleged wrongdoing by a subordinate officer, such claim is subject to dismissal.   The law is settled that supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability absent proof of actual personal involvement in the alleged wrongdoing.  *See Monell v. New York Dept. of Social Services*, 436 U. S. 658, 691 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also  Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is

liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation.").   Accordingly, Plaintiff's complaint against Defendants on the basis of *respondeat superior* is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

With regard to any claim Plaintiff may seek to assert regarding Defendants' failure to place him in a single cell, such claim entitles him to no relief. The Constitution itself does not give prisoners an interest in being classified to a particular area within a penal facility. *Cf. Meachum v. Fano*, 427 U. S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution."). Further, the law is well settled that prison administrators are accorded wide deference in determining the policies and procedures for handling inmate populations, and federal courts do not generally interfere in such discretionary decisions. *See generally Sweet v. South Carolina Department of Corrections,* 529 F.2d 854, 859 (4th Cir. 1975) ( *en banc* ) (describing federal court's deference to prison administrators and all administrative matters unless the condition rises to the level of a constitutional violation).  The plaintiff has produced no evidence demonstrating that he is in actual danger requiring that he be placed in a single cell.  Thus, his claim lacks merit.

To the extent Plaintiff challenges the validity of disciplinary charges lodged

against him by a correctional officer and claims that the existence of the allegedly

erroneous charges  caused the Parole Board to deny him parole and set him off for

another four years, he does not directly implicate the named defendants in this

contention.       *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009).

Nonetheless, the court notes that  a prisoner does not state a due process claim by

merely making the conclusory allegation  that erroneous information exists in his or

her prison file, *see Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d

940, 942 (11th Cir. 1982); *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001), nor does

an inmate state a due process claim by contending, without more,  that prison officials

upheld an allegedly erroneous disciplinary charge. *See Sandin v. Conner*,  515 U.S.

472, 484 (1995) (Due process applies only where the conditions of confinement

impose "atypical and significant hardship [s] on the inmate in relation to the ordinary

incidents of prison life." ); *Hewitt v. Helms*, 459 U.S. 460, 468 1983) ( "As  long as

the conditions or degree of confinement to which the prisoner is subjected is within

the sentence imposed upon him and is not otherwise violative of the Constitution, the

Due Process Clause does not in itself subject an inmate's treatment by prison

authorities to judicial oversight.").  Further, "[t]here is no constitutional or inherent

right of a convicted person to be conditionally released [*e.g.*, paroled] before the

expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr.*

*Complex,* 442 U.S. 1, 7 (1979). The Constitution of the United States does not require

a state to provide a parole system. *See Pennsylvania v. Finley,* 481 U.S. 551 (1987).
More importantly, inmates in the Alabama prison system possess no liberty interest in being granted parole as the State has a completely discretionary parole system. *See Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard v. Alabama Board of Pardons and Paroles*, 824 F.2d 937 (11th Cir. 1987).  Plaintiff's eligibility or non-eligibility for parole does not affect the manner in which he is confined and any impact prison disciplinaries may potentially have on his future eligibility for parole is, without more, too attenuated to infer a liberty interest, and, thus, no liberty interest is implicated.

Based on the foregoing, the court finds that Plaintiff's complaint against Defendants Sconyers, Carter, and Hetzel is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is ORDERED that all pending motions are DENIED.  It is further

ORDERED that on or before **April 30, 2013**, Plaintiff may file an objection to the  Recommendation. Any objection filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of April, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE